**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Modesto Cortez Serrillo,<br>Petitioner,<br>v.<br>Christopher Moody, et al.,<br>Respondents. | No. CV-26-00146-PHX-JAT (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 9 at 5).[1]

On December 18, 2025,[2] Petitioner Modesto Cortez Serrillo ("Petitioner" and/or

[1] Citation to the record as "Doc." indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-26-00146-PHX-JAT (DMF).

[2] The Petition was docketed by the Clerk of Court on January 9, 2026 (Doc. 1 at 1). The Petition was signed by Petitioner on December 18, 2025 (*Id.* at 12). This Report and Recommendation uses December 18, 2025, as the operative filing date of the Petition. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing." (citations omitted)); *Melville v. Shinn*, 68 F.4th 1154, 1159 (9th Cir. 2023) (affirming that the prison mailbox rule "applies to pro se federal habeas petitions" on the date a petitioner signs, dates, and attests the petition was placed in the prison mailing system); *see also* Rule 3, Rules Governing Section 2254 Cases (holding that petition is timely if deposited in prison mailing system on or before last day for filing, which may be shown by "declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement").

"Serrillo") filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1). The Petition is directed to Petitioner's conviction of one count of first-degree murder and corresponding sentence of natural life imprisonment in Yuma County Superior Court case number S1400CR201400470 (*Id.* at 1-2). The Petition names Christopher Moody as Respondent and the Arizona Attorney General as additional Respondent (*Id.* at 1).

The Court's April 7, 2026, Order recounts:

> Petitioner raises two grounds for relief. In Ground One, Petitioner asserts that the trial court erred by denying his request for jury instructions on a lesser included offense and heat of passion. Petitioner contends the Court of Appeals erred by affirming his conviction and sentence. He also claims he did not understand the plea offer or the potential outcome if he went to trial because his counsel told him that "a life sentence is 25 years regardless."
>
> In Ground Two, Petitioner asserts he received ineffective assistance of counsel because his counsel induced him to reject an offer to plead guilty to second-degree murder, with a sentence of 25 calendar years.
>
> Petitioner states that he presented the issues in the Petition to the Arizona Court of Appeals.

(Doc. 9 at 1-2). The Court ordered Respondents to answer the Petition (*Id.* at 4).

On May 11, 2026, Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Limited Answer") (Doc. 12). In their Limited Answer, Respondents argue that the Petition is untimely, Grounds One and Two are not cognizable, and Grounds One and Two are procedurally defaulted without excuse (*Id.*). Respondents ask the Court to deny and dismiss the Petition with prejudice (*Id.* at 15). Respondents also request that no certificate of appealability be issued (*Id.*).

Petitioner has not filed a reply and the time to do so has expired (*see* Doc. 9 at 4 (permitting Petitioner to file a reply within 30 days of service of an answer)).

Upon careful review of the parties' arguments, the record before the Court, and applicable law, it is recommended that the Petition be dismissed with prejudice as untimely filed, the Clerk of Court be directed to terminate this matter, and a certificate of

appealability be denied.

## I. STATE COURT PROCEEDINGS

### A. Charge, Conviction, and Sentence

On April 22, 2014, a Yuma County grand jury indicted Petitioner, charging Petitioner with one count of first-degree murder (Doc. 12-1 at 3-4). The case proceeded to trial, and the jury returned a verdict of guilty as to the one count charged in the indictment (*Id.* at 12; *see id.* at 17-18). On January 17, 2018, the trial court sentenced Petitioner to a term of natural life imprisonment (*Id.* at 13).

### B. Direct Appeal

Petitioner timely appealed his conviction and sentence (Doc. 12-1 at 20-21). On direct appeal, Petitioner argued that (1) the trial court erred by denying Petitioner's request for a manslaughter instruction, (2) the trial court erred by denying Petitioner's request for a heat of passion instruction, and (3) the trial court abused its discretion by allowing the victim's wife to testify (*Id.* at 36; *see id.* at 37-46). Petitioner asserted that the trial court's errors denied Petitioner a fair trial in violation of the Fifth and Sixth Amendments and denied Petitioner due process under the Fourteenth Amendment (*Id.* at 47). The state filed an answering brief (*Id.* at 51-73). Petitioner did not file a reply brief.

On January 15, 2019, the Arizona Court of Appeals issued a memorandum decision rejecting Petitioner's arguments and affirming Petitioner's conviction and sentence (Doc. 12-1 at 6-10). *State v. Serillo* (*Serillo I*), No. 1 CA-CR 18-0047, 2019 WL 192357, at *1-2 (Ariz. Ct. App. Jan. 15, 2019). Petitioner filed a petition for review with the Arizona Supreme Court which was denied on June 7, 2019 (Doc. 12-1 at 75). The Arizona Court of Appeals' mandate issued on July 1, 2019 (*Id.*).

### C. Post-Conviction Relief ("PCR") Proceedings

On July 24, 2019, Petitioner filed a timely PCR notice in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure (Doc. 12-1 at 84-87). Petitioner's appointed PCR counsel thereafter filed a PCR petition arguing that (1) Petitioner's trial counsel was ineffective for failing to adequately inform Petitioner about the consequences

of rejecting the state's plea offer; and (2) Petitioner's trial counsel was ineffective for failing to explain to Petitioner the purpose of a *Donald* hearing (*Id.* at 89-111). After the state filed a response (*Id.* at 113-40) and Petitioner filed a reply (Doc. 12-2 at 3-11), the trial court held an evidentiary hearing (*Id.* at 14-15). Upon review of the briefing and the evidence presented at the evidentiary hearing, the trial court determined that Petitioner failed to demonstrate that Petitioner's trial counsel was ineffective (*Id.*). Accordingly, the trial court denied the PCR petition (*Id.*).

Through his appointed PCR counsel, Petitioner filed a petition for review with the Arizona Court of Appeals reasserting that Petitioner's trial counsel was ineffective (Doc. 12-2 at 17-36). After the state filed a response (*Id.*at 38-61) and Petitioner filed a reply (*Id.* at 63-74), the Arizona Court of Appeals granted review but denied relief, finding no abuse of discretion (*Id.* at 76-77). *State v. Serillo* (*Serillo II*), No. 1 CA-CR 22-0048 PRPC, 2022 WL 2921293, at *1 (Ariz. Ct. App. July 26, 2022).

Petitioner filed a petition for review with the Arizona Supreme Court, which was denied on February 23, 2023 (Doc. 12-2 at 79).

## II. CLAIMS AND DEFENSES IN THESE HABEAS PROCEEDINGS

On December 18, 2025, Petitioner filed his Petition (Doc. 1) raising two habeas claims:

> In Ground One, Petitioner asserts that the trial court erred by denying his request for jury instructions on a lesser included offense and heat of passion. Petitioner contends the Court of Appeals erred by affirming his conviction and sentence. He also claims he did not understand the plea offer or the potential outcome if he went to trial because his counsel told him that "a life sentence is 25 years regardless."
>
> In Ground Two, Petitioner asserts he received ineffective assistance of counsel because his counsel induced him to reject an offer to plead guilty to second-degree murder, with a sentence of 25 calendar years.

(Doc. 9 at 1-2; *see* Doc. 1 at 7, 8). For relief, Petitioner asks the Court to grant the Petition, order the state to renew its original plea offer, "look into heat of passion crime," and order further relief as the Court deems appropriate (Doc. 1 at 12). Regarding timeliness,

Petitioner argues that the one-year statute of limitations in 28 U.S.C. § 2254(d) does not bar his Petition because he was not aware of his right to file a habeas petition in federal court (*Id.* at 12). Petitioner contends that he became aware of his right to file a federal habeas petition in December of 2025 (*Id.*). In support of his Petition, Petitioner attached as exhibits: the state's plea offer (Doc. 1-1 at 1-4); an affidavit sworn by Petitioner's trial counsel (*Id.* at 5-8); communications regarding the PCR proceedings between Petitioner and Petitioner's appointed PCR counsel (*Id.* at 9-13); trial court filings regarding Petitioner's PCR proceedings (*Id.* at 14-26); Petitioner's petition for review and reply filed with the Arizona Court of Appeals regarding the PCR proceedings (*Id.* at 27-46, 51-62); the state's response to Petitioner's petition for review regarding the PCR proceedings (*Id.* at 84-107); the Arizona Court of Appeals' memorandum decision granting review but denying relief regarding the PCR proceedings (*Id.* at 48-49); the transcript of the September 6, 2017, hearing held pursuant to *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (Ct. App. 2000) (*Id.* at 63-70); and the transcript of the January 17, 2018, sentencing hearing (*Id.* at 71-82).

On May 11, 2026, Respondents filed their Limited Answer (Doc. 12), in which Respondents argue that the Petition initiating these proceedings was untimely filed, Grounds One and Two are not cognizable, and Grounds One and Two are procedurally defaulted without excuse (*Id.* at 5-15). Respondents ask the Court to deny the Petition, dismiss these proceedings with prejudice, and deny a certificate of appealability (*Id.* at 15). In support of their Limited Answer, Respondents attached as exhibits: the indictment charging Petitioner with one count of first-degree murder (Doc. 12-1 at 3-4); the Arizona Court of Appeals' memorandum decision affirming Petitioner's conviction and sentence (*Id.* at 6-10); the Yuma County Superior Court's sentencing order (*Id.* at 12-15); the Yuma County Superior Court's order correcting the sentencing order (*Id.* at 17-18); Petitioner's notice of appeal (*Id.* at 20-21); Petitioner's opening brief in his direct appeal (*Id.* at 23-49); the state's answering brief (*Id.* at 51-73); the Arizona Court of Appeals' mandate (*Id.* at 75-82); Petitioner's PCR notice (*Id.* at 84-87); Petitioner's PCR petition (*Id.* at 89-111);

the state's response to Petitioner's PCR petition (*Id.* at 113-40); Petitioner's reply in support of his PCR petition (Doc. 12-2 at 3-12); the trial court's order denying the PCR petition (*Id.* at 14-15); Petitioner's petition for review filed with the Arizona Court of Appeals regarding the PCR proceedings (*Id.* at 17-36); the state's response to the petition for review (*Id.* at 38-61); Petitioner's reply in support of the petition for review regarding the PCR proceedings (*Id.* at 63-74); the Arizona Court of Appeals' memorandum decision granting review but denying relief regarding the PCR proceedings (*Id.* at 76-77); the Arizona Supreme Court's order denying Petitioner's petition for review regarding the PCR proceedings (*Id.* at 79); and the Yuma County Superior Court's minute entry regarding the September 6, 2017, *Donald* Hearing (*Id.* at 81).

Petitioner has not filed a reply and the time to do so has expired (*see* Doc. 9 at 4 (permitting Petitioner to file a reply within 30 days of service of an answer)).

## III. TIMELINESS

Respondents assert and argue that these proceedings were untimely filed on December 18, 2025 (Doc. 12 at 5-8). Thus, a threshold issue for the Court is whether these habeas proceedings are time-barred by the applicable statute of limitations. The Court must resolve the time-bar issue before considering other procedural issues or the merits of any habeas claim. *See White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2022).

### A. Starting Date of AEDPA's One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's habeas proceedings because Petitioner filed the Petition after April 24, 1996, the date AEDPA became effective. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing *Smith v. Robbins*, 528 U.S. 259, 268 n.3 (2000)).

AEDPA provides a one-year statute of limitations period. *See* 28 U.S.C. § 2244(d)(1). Under AEDPA, there are four possible starting dates for the beginning of its one-year statute of limitations period:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by

> State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The latest of the applicable possible starting dates is the operative start date. 28 U.S.C. § 2244(d)(1).

Because the Petitioner's habeas petition arises from a final judgment, AEDPA's one-year statute of limitations start date is determined by 28 U.S.C. § 2244(d)(1)(A) unless a later start date applies under 28 U.S.C. § 2244(d)(1)(B), (C), or (D).

The Arizona Court of Appeals issued its decision in Petitioner's direct appeal on January 15, 2019 (Doc. 12-1 at 6-10). *Serillo I*, 2019 WL 192357, at *1-2. Petitioner sought review of that decision with the Arizona Supreme Court and the Arizona Supreme Court denied Petitioner's petition for review on June 7, 2019. Although he did not do so, Petitioner had ninety days from June 7, 2019, to seek review in the United States Supreme Court. *See McMonagle v. Meyer*, 802 F.3d 1093, 1097 (9th Cir. 2015) ("For AEDPA purposes, 'direct review' includes the ninety-day period in which the appellant may petition for a writ of certiorari from the United States Supreme Court."). The judgment became final on September 5, 2019, and pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year statute of limitations began running the next day. Unless a later start date under 28 U.S.C. § 2244(d)(1)(B), (C), or (D) applies and/or statutory tolling suspended the one-year limitations period, AEDPA's limitations period expired on September 5, 2020. *See Patterson*, 251 F.3d at 1247 ("Excluding the day on which [the prisoner's] petition was denied by the Supreme Court, as required by Rule 6(a)'s 'anniversary method,' [AEDPA's] one-year grace period began to run on June 20, 1997 and expired one year later, on June 19, 1998. . . .").

Upon careful review, a later start date of AEDPA's statute of limitations under 28

U.S.C. § 2244(d)(1)(B), (C), or (D) does not apply. Petitioner does not assert there was unconstitutional state action preventing Petitioner from filing a habeas petition; nor does the record support such. *See* 28 U.S.C. § 2244(d)(1)(B). Petitioner does not assert a newly recognized constitutional right made retroactively applicable to cases on collateral review; nor does the record support such. *See* 28 U.S.C. § 2244(d)(1)(C). Petitioner also does not assert the existence of newly discovered evidence regarding the factual predicate of his claims; nor does the record support such. *See* 28 U.S.C. § 2244(d)(1)(D).

Accordingly, these habeas proceedings were untimely filed by over five years unless statutory tolling, equitable tolling, and/or the actual innocence gateway apply to render these proceedings timely filed and/or to excuse the untimely filing of these proceedings.

**B. Statutory Tolling**

AEDPA expressly provides for statutory tolling of the limitations period when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). A collateral review petition is "properly filed" when its delivery and acceptance are in compliance with state rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). This includes compliance with filing deadlines. *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-13 (2005). A state post-conviction relief petition not filed within the state's required time limit is not "properly filed," and the petitioner is not entitled to statutory tolling during untimely PCR proceedings. *Id.* at 414 ("When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 6-7 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under AEDPA's tolling provision, and reiterating its holding in *Pace*, 544 U.S. at 414). Once the statute of limitations has run, subsequent PCR petitions do not restart the clock. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Here, Petitioner filed a timely PCR notice with the trial court on July 24, 2019, thereby tolling the AEDPA limitations period (Doc. 12-1 at 84-87). *See Isley v. Ariz. Dep't*

*of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004) (holding that a properly filed PCR notice "is sufficient to toll the AEDPA statute of limitations"). Because Petitioner's judgment became final on September 5, 2019, the statute of limitations was tolled at its start date and did not begin to run until Petitioner's PCR proceedings ceased to be pending. *See* 28 U.S.C. § 2244(d)(2). Respondents are correct that:

> On February 23, 2023, the Arizona Supreme Court denied Serrillo's petition for review in his collateral post-conviction relief proceeding. (Exh. R.) AEDPA's statute of limitations period began to run the next day, February 24, 2023, and ended on February 24, 2024. *See* 28 U.S.C. § 2244(d)(1); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims).

(Doc. 12 at 6). Petitioner filed the Petition initiating these proceedings on December 18, 2025, over one and a half years after the AEDPA limitations period expired. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (concluding that PCR proceedings ceased to be pending on the date the Arizona Supreme Court denied review).

Accordingly, the Petition is untimely by over one and a half years unless equitable tolling and/or the actual innocence gateway apply to excuse Petitioner's untimely filing of these proceedings. As set forth below, neither applies to excuse the untimely filing of these proceedings.

**C. Equitable Tolling**

The U.S. Supreme Court has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Id.* at 645-46. Petitioner bears the burden of establishing that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate." (citing *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005))).

The Ninth Circuit Court of Appeals will permit equitable tolling of AEDPA's limitations period "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing . . . ." *Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (en banc). Put another way, for equitable tolling to apply, Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from timely filing a federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). To meet the first prong, Petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99 (expressly rejecting the "stop-clock" approach to equitable tolling). The second prong is met "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Id.* at 600.

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "is 'highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews*, 432 F.3d at 1026 (internal citations omitted); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and internal emphasis omitted).

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available 'only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness.'" (quoting *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012))). A literal impossibility to file, however, is not required. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (stating that

equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so." (quoting *Gibbs v. Legrand*, 767 F.3d 879, 888 (9th Cir. 2014))). "The grounds for equitable tolling 'are highly fact-dependent.'" *Id.* (quoting *Sossa*, 729 F.3d at 1237).

Nevertheless, a petitioner's *pro se* status, indigence, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See Rasberry*, 448 F.3d at 1154 ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see, e.g.*, *Ballesteros v. Schriro*, No. CIV 06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) ("A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling."). A prisoner's "proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted).

Further, negligence of state court counsel, even appointed counsel, is not a basis for equitable tolling. *See Miranda*, 292 F.3d at 1067. For application of equitable tolling, a petitioner must establish that due to circumstances beyond the petitioner's control that he could not have filed "a basic form habeas petition" within the limitations period, despite exercising reasonable diligence. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) (denying tolling when a petition was 340 days late because, for three years, the petitioner had access to all necessary documents to raise his habeas claim). Even without counsel, a petitioner can "develop[] that argument, outline[] the other arguments and the facts underlying those arguments on the form habeas petition, and then [seek] to amend his petition when he [gets] more information." *Id.* Further, even if a petitioner faces difficulties in accessing legal materials, the petitioner is not entitled to equitable tolling absent credible allegations that the petitioner was denied access to a particular document when needed. *Id.* at 1013-14.

Petitioner asserts, but fails to demonstrate, a valid basis for equitable tolling (*see* Doc. 1 at 12). Petitioner states that he "was never aware that he had a right to file a habeas corpus petition" and explains that his attorney "told him that she will not be filing a petition for review on his behalf to the Supreme Court [be]cause according to her [it] would be unsuccessful" (*Id.*). Petitioner also states that "he only speaks and understands Spanish" and that "he just became aware of the federal habeas corpus right in December of 2025" (*Id.*). Yet, Petitioner has not shown that an extraordinary circumstance prevented him from timely initiating these habeas proceedings. A petitioner's *pro se* status, indigence, ignorance of the law, or lack of representation during the applicable filing period does not constitute extraordinary circumstances justifying equitable tolling. Petitioner's alleged lack of comprehension of the English language also does not merit equitable tolling. "Lack of English proficiency can constitute an extraordinary circumstance for equitable tolling purposes, but only when the petitioner is unable to procure legal materials in his own language or to obtain translation assistance." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014); *see also Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006) (finding that lack of access to Spanish language legal materials or assistance could entitle habeas petitioner to equitable tolling). However, Petitioner has not described any instances where he attempted to obtain Spanish-language materials but was unable to access such materials. Indeed, the record before the Court reflects that translation services were provided at Petitioner's *Donald* hearing and at the sentencing hearing (Doc. 12-2 at 81; Doc. 1-1 at 74). Additionally and importantly, Petitioner has not demonstrated that he has been pursuing his rights diligently, as required for equitable tolling. *See Holland*, 560 U.S. at 649. Accordingly, Petitioner has not met his burden of demonstrating that equitable tolling applies to excuse his untimely filing of these proceedings.

**D. Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that the "actual innocence gateway" to federal habeas review that applies to procedural bars in *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006), extends to

petitions that are time-barred under AEDPA. *See Schlup*, 513 U.S. at 329 (holding that petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt").

To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011); *McQuiggin*, 569 U.S. at 399 (explaining the significance of an "[u]nexplained delay in presenting new evidence"). Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

Petitioner does not assert (*see* Doc. 1 at 12), nor can the Court glean from the record, a basis for applying the actual innocence/*Schlup* gateway. At most, Petitioner argues that insufficient evidence supports his conviction for first-degree murder (*Id.* at 7). Yet, to pass through the actual innocence/*Schlup* gateway, Petition must establish his factual innocence of the crime and not mere legal insufficiency. *See Bousley*, 523 U.S. at 623; *Jaramillo*, 340 F.3d at 882-83. Thus, Petitioner has not met his burden of demonstrating that the actual innocence gateway applies to excuse his untimely filing of these proceedings.

**E. These Proceedings Are Untimely**

As set forth above, these habeas proceedings were untimely filed by over a year and a half and neither equitable tolling nor the actual innocence gateway excuse the untimely

filing of these proceedings.

## IV. CONCLUSION

For the reasons set forth above, the Petition (Doc. 1) initiating these proceedings was untimely filed by over a year and a half without adequate excuse for the untimely filing. Because the Petition was untimely filed without excuse, the Court does not reach Respondents' arguments regarding procedural default or cognizability. Due to the Petition's untimeliness, it is recommended that the Petition be dismissed with prejudice and that the Clerk of Court be directed to terminate this matter.

Assuming the recommendations herein are followed in the District Judge's judgment, it is recommended that a certificate of appealability be denied because dismissal is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition (Doc. 1) be dismissed with prejudice and that the Clerk of Court be directed to terminate this matter.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the

Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72. In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 8th day of July, 2026.

Deborah M. Fine

Honorable Deborah M. Fine
United States Magistrate Judge