**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Modesto Cortez Serrillo, | No. CV-26-00146-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Christopher Moody, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Modesto Cortez Serillo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Fine, who issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice. (Doc. 13 at 14). Petitioner filed a document labeled "Objection" (Doc. 14), and Respondents filed a Reply (Doc. 15). The Court now rules.

## I.     BACKGROUND

The R&R recounts the factual and procedural background of this case. (Doc. 13 at 3–4). Neither party objects to this recounting, and the Court hereby accepts and adopts it. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)).

On December 18, 2025, Petitioner filed his Petition (Doc. 1), raising two habeas claims:

> In Ground One, Petitioner asserts that the trial court erred by denying his request for jury instructions on a lesser included offense and heat of passion. Petitioner contends the Court of

> Appeals erred by affirming his conviction and sentence. He also claims he did not understand the plea offer or the potential outcome if he went to trial because his counsel told him that "a life sentence is 25 years regardless."
>
> In Ground Two, Petitioner asserts he received ineffective assistance of counsel because his counsel induced him to reject an offer to plead guilty to second-degree murder, with a sentence of 25 calendar years.

(Doc. 9 at 1–2; Doc. 1 at 7–8). On May 11, 2026, Respondents filed a Limited Answer (Doc. 12). Petitioner did not file a reply. (Doc. 14 at 6; Doc. 9 at 4).

The R&R recommends the Petition be denied and dismissed with prejudice because it was filed over a year and half after the statute of limitations expired without adequate excuse. (Doc. 13 at 14). The R&R further recommends that a Certificate of Appealability be denied. (Doc. 13 at 14).

**II.     STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district judge must review the findings and recommendations of the Magistrate Judge de novo if there is an objection from one or both parties. *Reyna-Tapia*, 328 F.3d at 1121; *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the parties object"); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

**III.     DISCUSSION**

In his filing, Petitioner does not raise any objections to the R&R. (Doc. 14). Instead, Petitioner requests an extension of time to reply to Respondent's Limited Response (Doc. 12) or to amend his Petition (Doc. 1). (Doc. 14 at 1).

Petitioner argues that he was never provided a copy of Respondent's Limited

- 2 -

Response (Doc. 12), which was filed on May 11, 2026, and that he was not aware of the Limited Response until the R&R was filed on July 8, 2026. (Doc. 14 at 1). However, the Court's records indicate that Petitioner was mailed a physical copy of the Limited Response on May 11, 2026 (Doc. 12 at 16), and that Petitioner had access to electronic filings on the Electronic Case Filing system (Doc. 5).

Petitioner also alleges that the prison's law library was closed until July 1, 2026 but resumed operating after that date. (Doc. 14 at 1). Petitioner does not indicate when the library closure began, and Petitioner fails to explain the relevance or impact of the library closure. Moreover, Petitioner's request to amend fails to comply with Local Rule of Civil Procedure 15.1.

Additionally, Petitioner does not challenge the R&R's conclusion that the Petition is untimely by over one and a half years. (Doc. 13 at 9, 13–14; Doc. 14). Accordingly, the Court accepts this finding. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'" (quoting *United States v. Reyna-Tapia*, 328 F.3d at 1121)). Amendment would therefore be futile because the Petition is untimely. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Further, the Court finds that allowing Petitioner to file a reply would be futile because the Court will not consider new arguments raised for the first time in a reply brief. *See Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived."); *Marlyn Nutraceuticals, Inc. v. Improvita Health Prods.*, 663 F. Supp. 2d 841, 848 (D. Ariz. 2009) ("The Court need not consider Defendants' position, however, since it was first raised in their reply brief.").

Therefore, Petitioner's request to amend the Petition or file a reply is denied. And because Petitioner does not object to the R&R, the Court accepts and adopts the R&R in its entirety.

### A. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability

- 3 -

("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). When the district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review of the record, the Court concludes that a COA shall not issue because the resolution of the Petition is not debatable among reasonable jurists. *See Ramirez v. Thornell*, CV-23-00114-TUC-JGZ, 2023 WL 8622630, at *1 (D. Ariz. Dec. 13, 2023).

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's request for leave to amend or to file a reply (Doc. 14) is **denied**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 13) is **accepted** and **adopted**; Petitioner's "objections" (Doc. 14) are **overruled**. Petitioner's Petition (Doc. 1) is **denied** and **dismissed with prejudice**, and the Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue.

Dated this 7th day of August, 2026.

James A. Teilborg
Senior United States District Judge